**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIELA O. QUINONEZ, AKA Gabriela Oliva Quinonez,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-70159<br><br>Agency No. A073-986-543<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2016[**]
San Francisco, California

Before: PAEZ, CLIFTON, and OWENS, Circuit Judges.

Petitioner Gabriela O. Quinonez petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her applications for asylum and other relief under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Immigration and Nationality Act ("INA"), and protection under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

Quinonez challenges the BIA's determination that her conviction for arson in violation of California Penal Code § 451(d) was a "particularly serious crime," making her ineligible for asylum or for withholding of removal under the INA and the CAT. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). The BIA did not abuse its discretion in determining that Quinonez's arson conviction was a "particularly serious crime" based on the nature of the conviction, the sentence imposed, and the circumstances and underlying facts of the conviction. *See Arbid v. Holder*, 700 F.3d 379, 384-85 (9th Cir. 2012) (per curiam) (setting forth standard of review and factors for consideration).

Quinonez also argues that the IJ erred by concluding that her arson conviction was categorically an "aggravated felony" as defined by 8 U.S.C. § 1101(a)(43)(F). However, this argument is irrelevant because the BIA declined to reach this issue. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation omitted)).

Finally, substantial evidence supports the BIA's denial of deferral of removal under the CAT because Quinonez failed to establish that it is more likely than not she will be tortured by or with the acquiescence of the government of Guatemala. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED**.